Plaintiff, as trustee for Independent Lumber Company, Inc., bankrupt, instituted this suit alleging that on and prior to August 28, 1941, Independent Lumber Co., Inc., was indebted unto Williams Lumber Co., Inc., made defendant, in a sum of $817.54, and that on said date, in payment of said indebtedness, the said Independent Lumber Co., Inc., while insolvent to the knowledge of the said Williams Lumber Co., Inc., transferred, in payment of the said indebtedness, to the said Williams Lumber Co., Inc., one 1941 Model Chevrolet truck. He further alleges that Independent Lumber Co., Inc., was duly adjudged a bankrupt on October 10, 1941, which was within four months of the date of the transfer, and that therefore the said transfer operated as a preference and voidable under Section 60 of the Bankruptcy Act, 11 U.S.C.A. § 96. He further alleges that Williams Lumber Co., Inc., has converted the said property to its use and that its value has greatly depreciated, and that he is entitled, under sub-section b of section 96 to recover from the transferee the full value of the said truck at the time of the transfer, to-wit, $817.54, with legal interest from judicial demand until paid.
The defendant, in answer, admits the delivery to it of the truck, but states that it acquired the truck for $804.40, paying therefor in the following manner: $654, in the assumption of a chattel mortgage resting against the truck, and $150 in delivery of lumber to Independent Lbr. Co., Inc., the following day. It also avers that on said date Independent Lbr. Co., Inc., was indebted unto it in the sum of $664.25. It also avers that it has used the truck and it has made payments to the holder of the chattel mortgage note. It denies all of the other allegations of plaintiff's petition.
On the issues thus joined, and on trial of the case, there was judgment in favor of plaintiff and against the defendant in the sum of $664.45. Defendant has appealed.
On April 30, 1941, the Independent Lbr. Co., Inc., purchased the truck on which there was a balance due of $785.28, which was secured by a chattel mortgage note, payable in monthly installments of $65.44, each. On August 15, 1941, there were two installments paid, leaving a balance due on the truck of $654.40. On that same day, the Independent Lbr. Co., Inc., was indebted unto the Williams Lbr. Co., Inc., in the amount of $664.45, represented by three unpaid invoices. On that day, the Independent Lbr. Co., Inc., transferred the truck in question, together with a trailer, to the Williams Lbr. Co., Inc., for the consideration of the cancellation or satisfaction of the amount due by the Independent Lbr. Co., Inc., to the said Williams Lbr. Co., Inc., that is, $664.45, plus the assumption *Page 505 
of the balance due on the truck, that is, $654.40, and the delivery of lumber by the defendant herein to the Independent Lbr. Co., Inc., to the amount of $150. On August 27, 1941, a regular assumption deed was executed by the defendant and accepted by the holder of the chattel mortgage and note. On August 22, 1941, lumber to the amount of $150 was delivered in full settlement of the transaction. All of this makes a total consideration of $1,468.85. The evidence shows that there was $300 down payment, but it is not explained whether it was cash or trade-in value. However, this would make the truck cost $1,085.28 on April 30, 1941. Plaintiff did not offer evidence as to the value of the truck or trailer or both as of date of August 15, 1941. There was no mortgage on the trailer. The Independent Lbr. Co., Inc., was adjudged a bankrupt on October 1, 1941.
Mr. Roy Anderson, a Chevrolet truck dealer, testified that a truck of the kind in question which has had service for 3 1/2 months would have a value of less than $804.40; that he considered $804.40 as a value "a little high"; that the average price of trailers is $400, and that the depreciation for four months' use is $200. Mr. J.E. Riles, experienced saw-mill man and truck owner, estimates the depreciation on the truck as 1/3 off, which, according to the cost of the truck as found by us, would be $361.76, making a net value of $723.52.
Relative to the charge that defendant knew that Independent Lumber Co., Inc., was insolvent at the time of the transaction, the lower court, after a careful review of the testimony, came to the conclusion that the defendant had constructive, if not actual, knowledge of the insolvency of its debtor, and that transfer operated as a preference in favor of the defendant. After a thorough consideration of the evidence, we are likewise convinced that defendant knew or had reasons to believe that its debtor was insolvent at that time, and since this transfer took place within the four months prior to the adjudication, it was the giving of a preference.
Under sub-section b, § 96, of Title 11, U.S.C.A. of the Bankruptcy Act, the trustee has the option of suing for the recovery of the property or its value. The trustee in this case has exercised his option of suing for the value of the property. Now, what is the value of the property, that is, the truck?
The plaintiff failed to offer any evidence as to the value, as of date August 15, 1941, of the property transferred. The evidence we find is that offered by the defendant. As previously outlined, that evidence establishes that the value of this truck did not exceed the sum of $804.40. We are sorry indeed that we cannot agree with the two witnesses as to the depreciation of the truck by usage. This truck, at the time of the transfer, had been in use only 3 1/2 months and had not been put to any hard service; it was used only at or about Baton Rouge on improved roads or streets. To say that this truck depreciated to an extent of 1/3 of its value is unbelievable and unreasonable. We cannot accept such valuation; we are of the opinion that the truck had a much higher valuation. We feel that a valuation of $900 is more in line; this would be a depreciation of slightly more than 17%, and little less than 5% a month. The evidence clearly establishes that there existed a bona fide chattel mortgage and vendor's lien existing on the truck to the amount of $654.40, which was assumed and partly paid by the defendant, and in accordance with the testimony of Mr. Rice, a witness for plaintiff, defendant delivered to Independent Lbr. Co. as part of the purchase price lumber to the amount of $150, thus making the sum of $804.40, thereby showing an equity in the truck in favor of the trustee of $95.60.
In regard to the trailer, the defendant contended in the lower court, on an application for rehearing, that he had objected to the introduction in evidence of the bill of sale or receipt of the truck and trailer, and obtained a rule against plaintiff to have the note of evidence corrected to so show his objection. The attorney for plaintiff, in answer to the rule, stated that he did not have any definite recollection of the specific objection being offered but admitted that plaintiff had made several objections to the introduction of the evidence. Evidently the judge was not impressed with defendant's contention in that he refused the rehearing and did not order any correction of the note of evidence. However, it is our understanding that when a truck and trailer form a unit, the unit is invariably referred to as a truck. Moreover, we notice that most, if not all, of the evidence referring to the trailer, and particularly as to its value, was offered by the defendant without reservation of any objection whatsoever. We feel, like the trial *Page 506 
judge evidently felt, that we should consider the trailer involved in the litigation.
Now, as to its value. As stated supra, Mr. Anderson is the only one who attempted to fix a valuation. He states that this trailer cost in the neighborhood of $400, and had depreciated to the extent of $200, or 50% of its cost. It is indeed hard for us to accept such a depreciation. Considering the fact that there is little wear and tear on such an equipment, we feel that a valuation of $350, or a depreciation of $50 for the use of 3 1/2 months, is reasonable, and the trustee is entitled to recover its value as so fixed. This, added to the equity in the truck, makes the total sum of $445.60, and the judgment will be amended accordingly.
For these reasons, the judgment appealed from is hereby amended so as to reduce the amount awarded to the sum of $445.60, and as thus amended, the judgment is affirmed, the cost of this appeal to be borne by plaintiff-appellee, defendant to pay all other cost.